IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN JACOB HOWARD,

    Plaintiff,

    v.                          CASE NO. 19-3151-SAC

JULIE EFFENBECK, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is detained at the Saline County Jail in Salina, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*.

On November 11, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until December 6, 2019, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court granted Plaintiff an extension of time to January 6, 2020, to respond to the MOSC. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that Plaintiff's allegations in his Complaint involve his state criminal proceedings. Plaintiff sues the prosecuting attorney and defense counsel. Plaintiff alleges that he was arrested on July 11, 2018, in Saline County, Kansas, for two counts of Aggravated Burglary, Felony Theft, Felony Fleeing or Attempting to Elude Police Officer(s), Felony Criminal Damage to Property, Reckless Driving, Criminal Damage to Property, Theft,

Driving While License Cancelled, and Interference with Law Enforcement. Plaintiff alleges ineffective assistance of counsel, a due process violation, and "rights of due diligence."

Plaintiff alleges that false testimony was given at his preliminary hearing and his defense attorney, Defendant Effenbeck, failed to bring light to the matter upon Plaintiff's request and failed to instruct the trial judge according to the pattern instructions. Plaintiff alleges that Defendant Effenbeck withdrew from his case and Defendant Brave was appointed to represent Plaintiff. Plaintiff alleges that Defendant Brave refused to order transcripts from the preliminary hearing and forced Plaintiff to enter a plea.

The Court found in the MOSC that Plaintiff names the Saline County Attorney, Ellen Mitchell, as a Defendant. Although Plaintiff fails to mention Defendant Mitchell in the body of his Complaint, any claim against Defendant Mitchell would nevertheless fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function. Plaintiff has failed to show cause why his claims against Defendant Mitchell should not be dismissed based on prosecutorial immunity.

The Court also found in the MOSC that Plaintiff's claims against his defense attorneys are subject to dismissal for failure to state a claim because Plaintiff has not shown that they were acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5,

2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

The Court also found that if Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

The Court also found that to the extent Plaintiff challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus. However, a petition for habeas corpus is premature until Plaintiff has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 8, 2020, in Topeka, Kansas.**

                                        **s/ Sam A. Crow**
                                        **Sam A. Crow**
                                        **U.S. Senior District Judge**